IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    No. 05-20229B

RODERIC YATES,

    Defendant.

---

### ORDER DENYING DEFENDANT'S MOTION REGARDING DETERMINATION OF THE AVAILABILITY OF AN AFFIRMATIVE DEFENSE

---

Before the court is the motion of the defendant, Roderic Yates, for a hearing with respect to the availability of an affirmative defense of duress at trial. At a hearing held on December 14, 2005, the Court took the instant motion under advisement. Upon review, the Court finds that a determination on the availability of a duress instruction at trial is best considered at the time the evidence is offered.

> Although it is improper for counsel, in an opening statement, to make statements which will not or cannot be supported by proof; to claim that it will produce evidence that is never submitted to the jury; and, absent good faith, to comment about evidence which counsel does not intend to prove, the courts overwhelmingly recognize that proof frequently fails to come up to expectation, and therefore generally rule that, absent substantial prejudice to the fundamental rights of a party, there must be a showing of bad faith on the part of opposing counsel before relief will be granted as a result of the counsel's reference in the opening statement to matters not provable or which he does not attempt to prove during the trial.

75A Am. Jur. 2d Trial § 527. Because the Court can discern no irreparable prejudice to the Government from reference to an affirmative defense by the Defendant in his opening statement, which the Court will remind the jury is not considered evidence, statements concerning duress are



permissible, even if the proof offered later fails to establish the availability of the defense instruction. See United States v. Hearst, 412 F.Supp. 877, 880 (N.D. Cal. 1976) (denying Government's motion to limit defense reference to expert testimony in opening statement where the defense may or may not have been able to lay a proper foundation for the admission of the testimony during its presentation of proof because the reference would not result in irreparable prejudice to the government). Accordingly, Defendant's motion for a determination of the availability of a duress instruction prior to trial is DENIED, however, the Court will permit the Defendant to refer to the potential defense in his opening statement.

IT IS SO ORDERED this 28th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:05-CR-20229 was distributed by fax, mail, or direct printing on December 29, 2005 to the parties listed.

---

Lorraine Craig
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Needum Louis Germany
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT